CHROMALLOY AMERICAN CORPORATION, Plaintiff,

v.

ALLOY SURFACES CO., INC. and George H. Cook, Defendants.

Civ. A. No. 3640.

United States District Court,
D. Delaware.

Jan. 22, 1973.

See also, D.C., 351 F.Supp. 449.

William O. LaMotte, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., Robert D. Spille and Garo A. Partoyan, of Curtis, Morris & Safford, New York City, of counsel, for plaintiff.

Nathan Bakalar, of Connolly, Bove & Lodge, Wilmington, Del., Irving Parker and Victor M. Metsch of Jacobs, Persinger & Parker, New York City, of counsel, for defendants.

## OPINION

LATCHUM, District Judge.

The matter presently before the Court is the defendants' application for attorney fees and litigation costs of approximately $750,000 incurred in defense of this patent infringement action brought against them by the plaintiff.

Following a trial to the Court held in September, 1971, this Court held, *inter alia,* that the plaintiff had perpetrated a fraud on the Patent Office by making numerous misrepresentations to it during prosecution of the patent application. 339 F.Supp. 859 (D.Del. 1972); 55 F.R.D. 406 (D.Del.1972). The perpetration of a fraud upon the Patent Office in procuring its patent renders the action an "exceptional case" within the meaning of 35 U.S.C. § 285, justifying an award of attorney fees. Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp., 407 F.2d 288 (C.A.9, 1969).

Pursuant to 35 U.S.C. § 285 the defendants seek an allowance for legal services rendered by New York counsel at an average hourly rate of at least $100 and for legal services rendered by Delaware counsel at an average hourly rate of at least $65. Based on these hourly rates for the time expended, an award of attorney fees would exceed $700,000. In addition, defendants seek reimbursement for other litigation expenses incurred by their attorneys of roughly $50,000.[1] The plaintiff's objections are generally (1) that the hourly rates sought are excessive and above the hourly rates actually billed to the defendants, (2) that the number of hours of work for which compensation is sought is excessive and unreasonable, (3) that compensation should be denied completely for counsel time expended in preparation of a summary judgment action which the Court denied, and (4) that 35 U.S.C. § 285 does not authorize reimbursement of the general costs of litigation other than reasonable attorney fees.

First, in support of their claim for an award based on an hourly rate in excess of that actually billed by counsel, defendants contend that a "reasonable" hourly rate is not necessarily the actual rate billed but should be determined by taking into account the complexity of the factual and legal issues involved in the litigation, the amount which the successful defense actually preserved for the defendants, and the benefit to the public achieved by thrusting a fraudulently obtained patent into the public domain. The Court does not wholly agree with this approach. The fee contract between the defendants and their attorney must be given considerable weight, although the Court is not bound by it. Radiator Specialty Co. v. Micek, 395 F.2d 763 (C.A. 9, 1968). If it appears that the hourly rate charged is within a range normally charged for the defense of a patent infringement suit by attorneys of comparable experience and expertise, the Court will look no further. Only if the evidence reveals that the rate actually charged is abnormally high or abnormally low will the Court base an attorney fee award on an hourly rate at variance with the bill for legal services that was actually rendered to the client. Here no evidence was adduced to show either that the defendants' counsel deliberately held their hourly rate below their normal and usual billing charges, or that they deliberately padded their statements in anticipation of an application for attorney fees. The Court concludes that an average billing rate of $62 per hour and $43.50 per hour charged by New York and Delaware counsel, respectively (PX 2, 3) was within normal billing ranges for law firms of comparable expertise involved in defense of a patent infringement suit. The Court will allow an award based on

1. Litigation expenses for which reimbursement is sought are: cost of deposition transcripts, expert witness fees and expenses, photostating costs, overtime expenses such as restaurant bills, telephone toll charges, professional associate charges and subpoena fees.

those hourly rates for services rendered through December 31, 1971. While certain documents submitted to the Court indicate that billing rates increased during the litigation, the data is not sufficient to enable the Court to calculate the revised billing charges for legal service after December 31, 1971 with exactness.[2] Thus the Court must make a reasonable estimate taking into account the general rise in billing rates for law firms since December 31, 1971. The Court finds that $75 per hour is a reasonable ·average rate for New York counsel and $60 per hour is a reasonable average rate for Delaware counsel for services rendered from January 1, 1972.

■ Second, the plaintiff contends that a large portion of the time for which an allowance is sought was expended by New York counsel in general self-education on the concepts of patent law. Plaintiff argues that it should not be forced to compensate the defendants for the time that the defendants' counsel spent remedying their lack of expertise in patent matters. Other courts have reduced requests for awards because of a lack of expertise on the part of counsel or because an excessive number of attorneys were employed. Orgel v. Clark Boardman Co., Ltd., 301 F.2d 119 (C.A. 2, 1962), cert. den. 371 U.S. 817, 83 S. Ct. 31, 9 L.Ed.2d 58 (1962) ; Thermovac Industries Corp. v. Virtis Co., Inc., 159 USPQ 349, 354–355 (S.D.N.Y., 1968). However, a court in its discretion should decline to reduce an award application unless the number of hours claimed for the services rendered is unreasonable. An examination of the number of hours expended by counsel for defendants (Parker Aff., Bakalar Aff.) does not convince the Court that the time expended on any task was unreasonable. Therefore the Court declines to make an across-the-board reduction in the amount of hours expended as urged by the plaintiff.

■ A few reductions are, however, in order. Paragraph 52, Item 11 of the Parker affidavit, which lists 815 hours spent on post-trial briefing, includes time spent on the application for an award of attorney fees. Under 35 U.S. C. § 285, the defendants are only entitled to an award of attorney fees in connection with the patent claims. The hours expended preparing a claim for attorney fees must be excluded. Thermovac Industries Corp. v. Virtis, *supra* at 355. Since no further breakdown was provided as to the number of hours expended on the application for attorney fees, the Court must make a reasonable estimate that 10% of the time expended on post-trial briefing was devoted to an application for attorney fees. Therefore the Court reduces the number of hours spent on post-trial briefing prior to January 1, 1972 from 815 hours to 734 hours. Similarly the hours spent on post-trial briefing by Delaware counsel prior to that date (Bakalar Aff., Item 13) is reduced from 354 to 319 hours. With respect to services rendered from January 1, 1972, New York counsel indicated that "most" of the 199 hours expended were spent in opposing plaintiff's motion to reopen. (Tr. 33). Making a reasonable estimate, the Court will reduce the time spent by 14% and allow 172 hours. Delaware counsel indicated that of the 288.5 hours expended since January 1, 1972 only 39 hours had been spent after the hearing on plaintiff's motion to reopen. (Tr. 34). Thus, the Court will reduce the number of allowed hours to Delaware counsel by 39.

2. A letter dated April 10, 1972 from New York counsel to plaintiff's counsel showed that Irving Parker's billing rate was $90 per hour through December 1969, $100 per hour through February, 1972, and $125 since March, 1972. Harvey Brownrout's billing rate was $45 per hour through September, 1969, $50 per hour through October, 1970, and $55 per hour from November, 1970 through September, 1971. A letter dated April 10, 1972 from Delaware counsel to plaintiff's counsel indicated that the firm's average hourly rate for services of the type involved in this litigation were about $50 in 1969 and about $55 in 1970.

■ Third, the plaintiff argues that the time expended by the defendants' counsel on their motion for summary judgment should be completely excluded from the award because the motion was denied. The Court will allow these costs. Attorney fees for time spent by counsel preparing a defense to the patent claims have been allowed where the defense was not needed or considered by the Court in its decision, and even where the Court ruled against the particular defense, so long as the defendants ultimately prevailed. Brand Plastics Co. v. Dow Chemical Co., 168 USPQ 133 (C.D. Cal.1970); Kaehni v. Diffraction Company, Inc., 342 F.Supp. 523 (D.Md. 1972); Talon, Inc. v. Union Slide Fastener, Inc., 266 F.2d 731 (C.A. 9, 1959). Moreover, even though the defendants' motion was denied, it facilitated disposition of the litigation by revealing the cardinal issues, which were subsequently adjudicated as the result of a trial limited to those issues. For these reasons the Court will not discount the time expended for services rendered in connection with the defendants' motion for summary judgment.

In light of the above considerations, the Court will now calculate the amount of the award of attorney fees. For services rendered through December 31, 1971, New York counsel submitted bills to the defendants in the sum of $359,836.50 based upon a total of 5,979 hours at an average hourly rate of $62. (PX 2). This figure is accepted while discounting 81 hours expended during post-trial briefing on the application for attorney fees. Thus the amount to be allowed for New York counsel for services rendered through December 31, 1971 is $355,422.50. For services rendered through December 31, 1971 Delaware counsel submitted bills to the de-fendants in the sum of $93,625 based upon a total of 2,149 hours at an average hourly rate of $43.50. (PX 3). Reducing the number of hours by 35 (estimated above to have been expended on the fee application), the Court allows an amount of $92,102.50. For services rendered from January 1, 1972, the Court allows 172 hours at $75 per hour totaling $12,900 for services rendered by New York counsel, and 249.5 hours at $60 per hour totaling $14,970 for services rendered by Delaware counsel. Finding that a reasonable fee for services rendered by New York counsel in the litigation is $368,322.50 and by Delaware counsel is $107,072.50, a total award of $475,395 will be allowed defendants for all attorney fees in connection with this action.

■ Finally, the plaintiff contends that other litigation expenses incurred by the defendants' counsel are not awardable under 35 U.S.C. § 285. The Court agrees. 35 U.S.C. § 285 allows an award of reasonable attorney fees only in "exceptional cases". The language of the statute is expressly limited and this mandates a strict construction of reasonable expenses. Read in this light, the statute provides no authority for permitting recovery of general expenses of the litigation. See Union Carbide Corp. v. Grove Tank & Mfg. Co., 282 F.2d 653, 675 (C.A. 7, 1960), cert. den. 365 U.S. 812, 81 S.Ct. 692, 5 L.Ed.2d 691 (1961). The only costs which the Court has authority to award are taxable suit costs under 28 U.S.C. § 1920. Continental Can Co. v. Anchor Hocking Glass Corp., 362 F.2d 123 (C.A. 7, 1966). Thus suit costs allowable under § 1920 will be taxed against the plaintiff.

An order will be entered in accordance with the findings and conclusions of this opinion.