**GILBRETH INTERNATIONAL CORPORATION**

v.

**LIONEL LEISURE, INC., F.W. Woolworth Co., Gaudio Bros., Inc. and S.G. Kresge Co.**

**Civ. A. Nos. 76–3494, 76–3555 and 76–3438.**

United States District Court, E.D. Pennsylvania.

Oct. 6, 1986.

---

Barry Stein, Alan Bernstein, Stanley H. Cohen, Philadelphia, Pa., for plaintiff.

Michael A. Cornman, Mandeville & Schweitzer, New York City, of counsel, for Gaudio Bros., Kresge and Lionel Leisure.

James M. Drobile, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Gaudio Bros.

Wallace D. Newcomb, Paul & Paul, Philadelphia, Pa., for Kresge, Gaudio Bros., & Lionel Leisure.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Counsel for the defendants, Mandeville and Schweitzer and Paul & Paul, have filed a motion for correction of a clerical mistake pursuant to Fed.R.Civ.P. 60(a) in which they contend that this Court made a mathematical computation error in awarding at-torneys' fees to Mandeville and Schweitzer. The plaintiff opposes this motion. For the reasons that follow, the defendants' motion will be granted.

In these consolidated patent infringe-ment cases, this Court awarded attorneys' fees to the defendants pursuant to 35 U.S.C. § 285 which provides that the court "in exceptional cases may award reason-able attorney fees to the prevailing party." *See Gilbreth International Corp. v. Lion-el Leisure, Inc., et al.,* 587 F.Supp. 605 (E.D.Pa.1983) (finding that plaintiff's con-duct in the procurement of the patent con-stituted fraud upon Patent Office and was so reckless and tainted by bad faith that defendants are entitled to attorneys' fees) and *Gilbreth International Corp. v. Lion-el Leisure, Inc., et al.,* 622 F.Supp. 478 (E.D.Pa.1985) (awarding attorneys' fees), *aff'd* 802 F.2d 469 (Fed.Cir.1986). Mande-ville and Schweitzer served as lead counsel in the defense of this litigation. The Court awarded Mandeville and Schweitzer its re-quested lodestar ($188,163.50), less $7,695.00 attributable to inadequate entries in one attorney's records and less $15,-436.00 attributable to fees incurred in con-nection with the defense of the interlocu-tory appeal filed by the plaintiff. Thus the Court disallowed a total of $23,131.00. Furthermore, the Court denied Mandeville and Schweitzer's request for an award of $18,000.00 which amount it estimated it would incur in defending a future appeal. The Court deducted the $18,000.00 amount, in addition to the other disallowed sums ($23,131.00), from the $188,163.50 lodestar, producing a lodestar of $147,032.50 which the Court approved as fair and reasonable.

On July 30, 1986, the United States Court of Appeals for the Federal Circuit affirmed this Court's attorneys' fees award. 802 F.2d 469 (Fed.Cir.1986). On September 5, 1986, the United States Court of Appeals for the Federal Circuit denied the "appel-lees'" application for leave to file a motion to make this correction pursuant to Fed.R. Civ.P. 60(a). In its order the Federal Cir-cuit stated: "IT IS HEREBY ORDERED that the motion is denied without prejudice

to renew the motion under F.R.Civ.P. 60(a) before the United States District Court for the Eastern District of Pennsylvania."

In its present motion, Mandeville and Schweitzer points out that this Court made a clerical error by subtracting the $18,000.00 for future appeals from the $188,163.50. It is clear that the $18,000.00 was an amount requested in addition to the $188,163.50 and was not included in said amount and therefore should not have been subtracted from the $188,163.50. Because of this clerical error, the award in this case to Mandeville and Schweitzer for attorneys' fees should have been $165,032.50 and not $147,032.50 as set forth in the judgment order. The plaintiff opposes the motion on the grounds that it is untimely, prejudicial and does not involve correction of a mere clerical error, and further asserts that this Court does not have jurisdiction to correct the clerical mistake because the action was appealed to and decided by the Federal Circuit.

■ Federal Rule of Civil Procedure 60(a) provides

Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Rule 60(a) contemplates the correction of clerical mistakes which do not attack the party's fundamental right to a judgment at the time it was entered. *United States v. Stuart*, 392 F.2d 60, 62 (3d Cir.1968). Rule 60(a) concerns the correction of such mistakes as inadvertent omissions of documents from the record, inadvertent failure to apply mandatory delay damages and corrections in mathematical computations. *See United States v. Stuart, supra* (omissions of documents from record); *Hayden*

*v. Scott Aviation, Inc.*, 684 F.2d 270 (3d Cir.1982) (delay damages); *Glick v. White Motor Co.*, 458 F.2d 1287 (3d Cir.1972) (delay damages); *United States ex rel. Mississippi Road Supply Co. v. H.R. Morgan, Inc.*, 542 F.2d 262, 269 (5th Cir.1976) (allowing correction of mathematical error by jury), *cert. denied*, 434 U.S. 838, 98 S.Ct. 106, 54 L.Ed.2d 86 (1977); *Bowles v. Branick*, 66 F.Supp. 557 (W.D.Mo.1946) (mathematical computation), *see also* 6A Moore's Federal Practice ¶ 60.06[3]. Under Rule 60(a), however, the Court may only correct clerical errors, thereby making the judgment accurately reflect the intention of the court. *Jones & Guerrero Co., Inc. v. Sealift Pacific*, 650 F.2d 1072 (9th Cir.1981); *Warner v. City of Bay St. Louis*, 526 F.2d 1211 (5th Cir.1976). Such a mistake need not be made by a clerk, *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir.1968) (Blackmun, J.), but must be mechanical in nature, apparent on the record and not involve an error of substantive judgment. *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*, 694 F.2d 112 (5th Cir. 1982).

■ The Court has jurisdiction to correct this clerical error. It is clear from the terms of Rule 60(a) that clerical mistakes may be corrected by the district court with leave of the appellate court. Here, the Federal Circuit granted leave in its order of September 5, 1986. Rule 60(a) states that a motion to correct a clerical error may be made at any time.

The amount, therefore, which the Court intended to approve as reasonable attorneys' fees was $165,032.50 ($188,163.50–$23,131.00). Accordingly, the judgment order of September 9, 1985 which was entered on September 11, 1985 will be amended nunc pro tunc by changing the amount awarded to Mandeville and Schweitzer for attorneys' fees from $147,032.50 to $165,032.50 and by changing the total amount of attorneys' fees from $231,886.75 to $249,886.75.

## ORDER

AND NOW, this 6th day of October, 1986, upon consideration of the motion of

Mandeville and Schweitzer and Paul & Paul to correct a clerical mistake pursuant to Fed.R.Civ.P. 60(a), for the reasons set forth in this Court's Memorandum of October 6th, 1986.

IT IS ORDERED: The motion of Mandeville and Schweitzer and Paul & Paul to correct a clerical mistake pursuant to Fed. R.Civ.P. 60(a) is GRANTED and this Court's Order dated September 9, 1985, entered on September 11, 1985 is AMENDED as follows:

AND NOW, this 9 day of Sept., 1986, upon consideration of the petition for attorneys' fees and costs submitted by counsel for the defendants in this action, for the reasons stated in this Court's Memorandum of September 9, 1985, IT IS HEREBY ORDERED that the plaintiff shall pay attorneys' fees and costs to counsel as follows:

| Counsel | Fees | Costs |
|---|---|---|
| Mandeville and Schweitzer | $165,032.50 | $ 19,916.12 |
| Paul and Paul | 78,106.25 | 7,073.58 |
| Davies, Hardy, Ives and Lawther | 1,898.00 | 25.00 |
| Nolte and Nolte | 1,620.00 | 460.00 |
| Schnader, Harrison, Segal and Lewis | 3,230.00 | 335.84 |

The total amount of attorneys' fees and costs to be paid by the plaintiff is $249,886.75 and $27,810.54, respectively.