# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00527-CV

### In re Farmers Texas County Mutual Insurance Company

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### O P I N I O N

Real party in interest Guy Gimenez brought the underlying case against his automobile insurer, relator Farmers Texas County Mutual Insurance Company, asserting contractual and extra-contractual claims based on the unisured/underinsured motorist (UIM) provisions of his insurance policy. The Travis County Court at Law No. 2 severed the extra-contractual claims into a separate cause number but denied Farmers's motion to abate those claims. The Travis County Court at Law No. 1 also denied Farmers's motion for rehearing on abatement.[1] In this original proceeding, Farmers seeks a writ of mandamus compelling the county court to (1) vacate its order denying relator's motion for rehearing on abatement, and (2) enter an order abating all proceedings and discovery in the extra-contractual action.[2] We conditionally grant the writ of mandamus.

---

[1] The Travis County courts at law operate on a central docket. *See* Travis Cnty. Cts. at Law Loc. R. 2.3 (maintaining central docket for county courts at law nos. 1 and 2).

[2] In its petition, relator Farmers Texas County Mutual Insurance Company references an accompanying motion for temporary relief. No motion, however, was filed with this Court. Further, pending before this Court is Farmers's request for oral argument. We deny this request.

## BACKGROUND

Gimenez was involved in an automobile accident with a third party. Gimenez sued the third party for negligence. With Farmers's consent, Gimenez settled with the third party for the third party's liability policy limits. Gimenez then sought benefits under the UIM provisions of his insurance policy with Farmers. After Farmers declined to pay his claim, Gimenez sued Farmers, asserting breach of contract and extra-contractual claims. Gimenez alleged that, by denying his claim for UIM benefits, Farmers breached the insurance contract and that it violated the Insurance Code by "knowingly fail[ing] to act in good faith to effectuate a prompt, fair, and equitable settlement of this claim once Farmers' liability became reasonably clear." *See* Tex. Ins. Code § 541.060(a)(2)(A) (listing "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear" as unfair settlement practice). Based on the same factual allegations, Gimenez also asserted that Farmers violated the Texas Deceptive Trade Practices Act and an insurer's duty of good faith and fair dealing. *See* Tex. Bus. & Com. Code § 17.50(a)(4) (generally providing relief for consumers based on violation of Insurance Code); *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51, 56 (Tex. 1997) (discussing insurer's "duty of good faith and fair dealing" and "reasonably clear" standard).

Farmers moved to sever and abate the extra-contractual claims until the breach of contract claim was resolved. Gimenez filed a response in opposition. After a hearing, the Travis County Court at Law No. 2 ordered the extra-contractual claims severed but denied abatement, ordering "that discovery may proceed as part of the lawsuit filed by [Gimenez]." Farmers filed a

motion for rehearing on abatement. Following another hearing, the Travis County Court at Law No. 1 denied the motion for rehearing. Shortly thereafter, Farmers brought this original proceeding. We requested a response from Gimenez, which he has filed.

## STANDARD OF REVIEW

A party seeking mandamus relief must establish that (1) the trial court clearly abused its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). A trial court has no discretion in determining what the law is or applying the law to the facts of the case*. In re Prudential Ins.*, 148 S.W.3d at 135.

## DISCUSSION

In its petition for mandamus relief, Farmers argues that the county court abused its discretion by refusing to abate the extra-contractual action, "thereby requiring Farmers to prepare for and litigate claims which have not accrued and may be rendered moot by the outcome of the contract action." According to Farmers, Gimenez's extra-contractual claims have not accrued because Gimenez has not obtained a judgment against the third party establishing the third party's negligence and damages in excess of the third party's policy limits or Farmers's agreement that Gimenez is "legally entitled" to benefits under the UIM provisions of the insurance policy. *See* Tex. Ins. Code § 1952.106 (requiring UIM coverage to "provide for payment to the insured of all amounts that the insured is *legally entitled* to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage, not to exceed the limit specified in the

3

insurance policy, and reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle" (emphasis added)). Farmers urges that the "unique" nature of UIM insurance in this circumstance requires abatement because the "establishment of an insured's legal entitlement to UIM benefits is a prerequisite to the prosecution of that insured's extra-contractual claims." *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) ("The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party.").

In the context of a UIM claim, before an insurer is contractually obligated to pay benefits, the insured must prove that he has coverage, "that the underinsured motorist negligently caused the accident that resulted in the insured's covered damages, the amount of the insured's damages, and that the underinsured motorist's insurance coverage is deficient." *In re Allstate Cnty. Mut. Ins. Co.*, 447 S.W.3d 497, 501 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (citing *Brainard*, 216 S.W.3d at 818). "Thus, an insured generally must first establish that the insurer is liable on the contract before the insured can recover on extra-contractual causes of action against an insurer for failing to promptly pay, failing to settle, or failing to investigate an underinsured motorist insurance claim." *Id.*; *see Henson v. Southern Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex. 2000) (noting that settlement with third party alone did not establish entitlement to recover UIM benefits from insurer). Further, prevailing on a breach of contract claim for UIM benefits does not establish an insurer's bad faith. *See Giles*, 950 S.W.2d at 50–51, 56 (discussing insurer's "duty of good faith and fair dealing" and "reasonably clear" standard); *see also Accardo v. America First Lloyds Ins. Co.*, No. H-11-0008, 2013 WL 4829252, at *5–6 (S.D. Tex. Sep. 10, 2013) (discussing

4

bad faith claim in context of UIM insurance coverage and noting that "[e]vidence that only shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith" (citation omitted)).

To support its position that the county court should have abated the extra-contractual action after severance, Farmers cites this Court's opinion in *In re American National County Mutual Insurance Company*, 384 S.W.3d 429 (Tex. App.—Austin 2012, orig. proceeding). In that case concerning UIM insurance, we concluded that the trial court abused its discretion in denying the insurer's motion for severance and abatement of its insured's extra-contractual claims and granted mandamus relief, ordering the trial court to sever and abate those claims. *Id.* at 439. In granting mandamus relief, we explained:

- "a UIM contract is unlike many first-party insurance contracts because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party,"

- "any duty by an insurer to its insured, common law or statutory, necessarily arises from the contractual relationship between the parties," and

- an insured "must necessarily demonstrate that [insurer] was contractually obligated to pay her UIM claim" to prevail on extra-contractual claims.

*Id*. at 437–38; *see also* Tex. Ins. Code § 1952.106; *Brainard*, 216 S.W.3d at 818 (noting that "insurer's contractual obligation [under UIM contract] to pay benefits does not arise until liability and damages are determined"); *In re United Fire Lloyds*, 327 S.W.3d 250, 256 (Tex. App.—San Antonio 2010, orig. proceeding) (concluding, based on "clear holding in *Brainard*," that insurer "[was] under no contractual duty to pay UIM benefits until [insured] establishes the liability and

5

underinsured status of the other motorist"). We also concluded that the insurer did not have an adequate remedy by appeal because it would lose substantial rights "by being required to prepare and try claims that may be rendered moot." *See In re American Nat'l*, 384 S.W.3d at 439.

In his response, Gimenez argues that the opinion in *American National* is distinguishable because, in that case, the insurer offered to settle the UIM claim and Farmers has not made a settlement offer to Gimenez. *See id.* at 432. The lack of a settlement offer alone, however, does not dictate the abatement determination. *See In re Allstate*, 447 S.W.3d at 498 (granting mandamus relief and ordering trial court to abate and sever extra-contractual claims in situation where insurer did not make offer to settle UIM claim); *In re Progressive Cnty. Mut. Ins. Co.*, 439 S.W.3d 422, 425–26 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (granting mandamus relief and ordering trial court to abate and sever extra-contractual claims in situation where there was "no evidence in the record" that insurer offered to settle UIM claim and collecting cases in which courts have considered issues of severance and abatement in context of UIM claim).

Gimenez also urges in his response that the county court did not abuse its discretion in denying abatement and allowing discovery to proceed because Farmers failed to "prove by evidence that the abatement is required for justice, judicial economy, and to avoid prejudice." *See In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 237–38 (Tex. App.—El Paso 2012, orig. proceeding) (op. on reh'g) (declining to create "ironclad rule mandating abatement at every given time, even if severance of contract and bad faith claims required" and placing burden on movant to show that abatement would "promote justice," "avoid prejudice," and "promote judicial economy"). He urges that it was Farmers's burden to present evidence to show that abatement was required and

that it failed to do so. The record, however, includes discovery requests propounded by Gimenez that are broader than his breach of contract claim, his factual allegations in his pleadings, and a copy of the section of his insurance policy addressing the relevant UIM coverage that tracks the mandated coverage in section 1952.106 of the Insurance Code. *See* Tex. Ins. Code § 1952.106. Gimenez also does not challenge the county court's severance of the extra-contractual claims into a separate cause number and agrees that the extra-contractual action should not proceed to trial until the contract action has resolved. Under these circumstances, it follows that abatement is required. *See In re American Nat'l*, 384 S.W.3d at 433, 437–39 (noting that "controlling reasons for severance are to do justice, avoid prejudice, and further convenience" and that these equitable factors also weighed in favor of abating extra-contractual claims in UIM case).

As recognized by this Court as well as our sister courts, because an insurer is under no contractual duty to pay a claim brought under a UIM policy until liability is established, the insurer should not be required to put forth the effort and expense of conducting discovery and preparing for trial on severed extra-contractual claims that could be rendered moot—to require the insurer to do so would not promote justice or judicial economy or avoid prejudice. *In re Progressive*, 439 S.W.3d at 426–27; *In re American Nat'l*, 384 S.W.3d at 437–39*; In re United Fire Lloyds*, 327 S.W.3d at 256; *see also United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) ("Enhancing judicial efficiency becomes particularly important in view of the burgeoning practice of routinely alleging bad faith in cases in which insurance is involved.").

7

Gimenez also argues in his response that Farmers has not presented this Court with an adequate record to grant mandamus relief. *See* Tex. R. App. P. 52.7(a)(1) (requiring relator to file copies of documents that are material to claim for mandamus relief). The record includes a copy of the order denying the motion for rehearing on abatement and the original order granting severance but denying abatement, as well as the transcript of the hearing on Farmers's motion for rehearing of its plea in abatement and other relevant pleadings. Although the record does not include the transcript from the hearing in which the county court initially considered severance and abatement, the order from that hearing reflects that no testimony was taken. *See id*. R. 52.7(a)(2) (requiring relator to file transcript of relevant testimony from any underlying proceeding). Thus, a transcript was not required from that hearing. Based on our review of the mandamus record, we conclude that Farmers complied with Rule 52.7.

Gimenez also argues that Farmers should be seeking mandamus on the original order denying abatement. He points out that the original order was entered by the judge of County Court at Law No. 2, and the order denying the motion for rehearing was entered by the judge of County Court at Law No. 1. Gimenez has not cited, and we have not found, authority that would support this argument. The Travis County courts at law operate on a central docket. *See* Travis Cnty. Cts. at Law Loc. R. 2.3 (maintaining central docket for county courts at law nos. 1 and 2). Further, giving the county court the opportunity to reconsider its decision to abate the severed extra-contractual action was prudent. The parties had failed to bring this Court's opinion in *American National* to the

8

attention of the judge who originally considered Farmers's motion to sever and abate, but brought it to the attention of the judge considering the motion for rehearing, joining issue with its applicability.

Informed by the analysis in *American National*, we conclude that it was an abuse of discretion for the county court to deny Farmers's motion for rehearing on abatement and that Farmers does not have an adequate remedy by appeal. *See* 384 S.W.3d at 439; *see also In re United Fire Lloyds*, 327 S.W.3d at 257 (granting mandamus relief and ordering trial court to sever and abate extra-contractual claims from UIM claim). Similar to the insured in *American National*, Gimenez's extra-contractual claims "are premised on a contractual obligation to pay [his] UIM claim," and he "does not allege that [he] has suffered any damages unrelated and independent of [his] contract claim." *See* 384 S.W.3d at 438. Thus, Gimenez's extra-contractual claims would be rendered moot upon a determination that Farmers is not contractually obligated to pay his UIM claim. *See id.* On this record, we conclude that Farmers has established its right to mandamus relief. *See In re Prudential Ins.*, 148 S.W.3d at 135–36.

## CONCLUSION

We conditionally grant mandamus relief and order the county court to vacate its order dated August 19, 2015, denying relator's motion for rehearing on abatement, and enter an order abating all proceedings and discovery in the extra-contractual action. The writ will issue only if the county court fails to comply.

9

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed:   September 30, 2015