**Opinion filed September 25, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00176-CV

_____

## IN RE GERMANIA SELECT INSURANCE COMPANY

### Original Mandamus Proceeding

## M E M O R A N D U M   O P I N I O N

This original proceeding arises from Real Party in Interest Rosalita Calsoncin's contractual and extracontractual claims related to the underinsured motorist (UIM) provisions in an insurance policy issued by Relator Germania Select Insurance Company. Germania requests that we instruct the Honorable Brooks Hagler, presiding judge of the 259th District Court, to vacate portions of an order entered on July 14, 2020, in Cause No. 2019-014.[1] In that order, Judge Hagler lifted the abatement of litigation of Calsoncin's extracontractual claims. We conditionally grant the petition for writ of mandamus.

---

[1]Germania requested that we direct Judge Hagler to vacate an oral ruling made during a July 9, 2020 hearing. We agree that Judge Hagler's oral ruling could be subject to mandamus because it is clear, specific, enforceable, and adequately shown by the record. *See* TEX. R. APP. P. 52.3(k)(1)(A); *In re State ex rel. Munk*, 448 S.W.3d 687, 690 (Tex. App.—Eastland 2014, orig. proceeding). However, because Judge Hagler also signed a written order, *see* https://research.txcourts.gov/CourtRecordsSearch/#/case/453e43e574e25defa2113b8bb4faa25e, we construe Germania's request to encompass that order.

*Background*

On November 3, 2017, Calsoncin was a passenger in a car that was in a collision with a vehicle driven by Ginger Bartee. Calsoncin was an insured under a policy issued by Germania that provided UIM coverage. After Calsoncin settled her claims against Bartee, she sued Germania to recover UIM benefits under the policy.

Calsoncin alleged that she was injured in the accident, that Bartee caused the accident, and that Bartee was underinsured. Calsoncin requested a declaratory judgment that she was entitled to recover under the UIM policy the damages that resulted from the accident (the UIM claim). Calsoncin also asserted that Germania had been unjustly enriched and had violated the Texas Deceptive Trade Practices Act, the Texas Insurance Code, and the duty of good faith and fair dealing (the extracontractual claims).

Germania filed a motion to sever the extracontractual claims from the UIM claim and to abate the extracontractual claims. On July 2, 2019, Judge Hagler signed an agreed order that severed the extracontractual claims into Cause No. 2019-044 and abated the extracontractual claims pending the resolution of the UIM claim.

On March 27, 2020, Calsoncin filed in Cause No. 2019-014 a motion to reconsider the severance and abatement and a motion to compel the deposition of Germania's claims adjuster. Calsoncin requested that all claims be tried together. Alternatively, Calsoncin requested that Judge Hagler lift the abatement on the extracontractual claims and allow her to simultaneously conduct discovery into both the UIM and the extracontractual claims.

Judge Hagler heard Calsoncin's motion on July 9, 2020. Judge Hagler granted Calsoncin's motion to lift the abatement of the extracontractual claims and stated:

> I want the record to reflect the reason I'm ruling the way I am is driven by the current crisis of the pandemic.

For the record, I am operating under -- I don't even know -- 18, 19, 27, 50, I don't know, order from the Supreme Court of currently they ordered no jury trials until after September 1. For the benefit of the record, this is a multi-county general jurisdiction court, that also quite uniquely by legislative directive, when this court was created also has misdemeanor jurisdiction, meaning I am one of the only district judges in the State of Texas that presides over misdemeanors, felonies, and every civil thing possible including family law, Child Protective Services, tax cases in two counties.

In addition, with the Supreme Court's ruling that no jury trials until September 1 and having a general jurisdiction court, I am stating that I have great concern about my jury docket, meaning constitutionally people incarcerated are going to have priority. I am thinking in my mind of at least five, six, maybe eight people awaiting trial that are currently incarcerated, meaning that the Court's jury time [if] and when we are safe physically and healthy-wise safe to try a case, the chances are extremely high that although those cases are important, it is not going to trump priority of a criminal matter, especially if they're incarcerated.

My gut feeling, my instinct based on my practice in 17 and a half years on the bench, is that it's going to be -- it's going to be quite some time before this case sees a jury. I'm not granting a continuance sua sponte, but I'm wanting the record to reflect that the finding and the reason why I'm going to lift the abatement but maintain the claims on a severance status, the reason I'm doing that is at least discovery [can] continue while you're -- we're waiting for the pandemic to release its hold on us. And if and when we get to brighter days of jury trials, if need be, if we need to stack these cases up and get them tried, if they're ready for trial, then we'll be able to do that.

Judge Hagler also ruled that Calsoncin could take the deposition of Germania's claims adjuster without "any restrictions other than what you will all have provided to you under the rules of procedure and forms of objection."

On July 14, 2020, Judge Hagler reduced his rulings to writing. After Calsoncin filed a notice to take the deposition of Germania's claims adjuster, Germania sought mandamus relief in this court. We granted Germania's request for

temporary relief and stayed discovery related to the extracontractual claims pending further order of this court or final disposition of this mandamus proceeding.

*Analysis*

Mandamus is an extraordinary remedy and is warranted only when the trial court clearly abused its discretion and there is no adequate remedy by appeal. *In re Murrin Bros. 1885, LTD.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding); *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding). A trial court abuses its discretion when its ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). "Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly." *Id.*; *see also In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (orig. proceeding).

Ordinarily, the scope of discovery is within the discretion of the trial court. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). However, discovery requests "must be reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam); *see also* TEX. R. CIV. P. 192.3(a) ("In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action."). A trial court "abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure." *In re CSX*, 124 S.W.3d at 152; *see also In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d at 301; *see also In re CSX*, 124 S.W.3d at 153 (holding that a party does not have an adequate remedy by appeal when the trial court orders

4

discovery of "patently irrelevant" information (quoting *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992)).

"A motorist is underinsured if his or her liability insurance is insufficient to pay for the injured party's actual damages." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 812 (Tex. 2006). UIM coverage provides payment to the insured for all amounts that the insured is "legally entitled to recover" as damages from the UIM. TEX. INS. CODE ANN. § 1952.101(a) (West 2009). The recovery is reduced by the amount recovered or recoverable from the insurer of the UIM's vehicle and cannot exceed the insured's policy limits. *Id.* at § 1952.106.

"[T]he UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard*, 216 S.W.3d at 818; *see also State Farm Mut. Auto. Ins. Co. v. Nickerson*, 216 S.W.3d 823, 824 (Tex. 2006) (holding that the insurer "had no contractual duty to pay benefits until the trial court rendered judgment" for the insured). Specifically, to recover benefits under a UIM policy, the insured must show (1) that the insured has UIM coverage, (2) that the UIM negligently caused the accident that resulted in the covered damages, (3) the amount of the insured's damages, and (4) that the UIM's insurance coverage is deficient. *In re Progressive Cty. Mut. Ins. Co.*, No. 04-20-00178-CV, 2020 WL 3815927, at *2 (Tex. App.—San Antonio July 8, 2020, orig. proceeding); *see also Brainard*, 216 S.W.3d at 818. "[A] claim for UIM benefits is not presented until the trial court signs a judgment" in which these issues are resolved. *Brainard*, 216 S.W.3d at 818; *see also In re Progressive*, 2020 WL 3815927, at *2. Any extracontractual claims can be rendered moot if the insured does not obtain a judgment against the UIM. *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220–21 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding); *see also Brainard*, 216 S.W.3d at 818 (noting that a jury could

determine "that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance").

Because UIM coverage hinges on the liability under applicable tort law of the alleged UIM, the scope of discovery in a UIM case differs from other insurance disputes in which the terms of the policy alone dictate the outcome. *In re Progressive*, 2020 WL 3815927, at \*5; *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d 557, 564 (Tex. App.—San Antonio 2018, orig. proceeding). Specifically, the insurer "should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits." *In re United Fire Lloyds*, 327 S.W.3d 250, 256 (Tex. App.—San Antonio 2010, orig. proceeding); *see also In re Farmers Tex. Cty. Mut. Ins. Co.*, 509 S.W.3d 463, 467 (Tex. App.—Austin 2015, orig. proceeding); *In re Allstate Cty. Mut. Ins. Co.*, 447 S.W.3d 497, 501 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

In this case, Calsoncin's UIM claim has been severed from her extracontractual claims, there has been no determination of liability on the UIM claim, and the extracontractual claims could be rendered moot by the underlying liability determination in the UIM case. Therefore, at this time, any discovery into the extracontractual claims is not relevant to the UIM claim. *See In re Progressive*, 2020 WL 3815927, at \*6; *In re Allstate Cty. Mut. Ins. Co.*, 447 S.W.3d at 502; *In re United Fire Lloyds*, 327 S.W.3d at 256.

Judge Hagler lifted the abatement of litigation of the extracontractual claims and ordered that Calsoncin could conduct discovery into those claims because (1) the COVID-19 pandemic had caused a delay in jury trials; (2) after jury trials resume, criminal trials will take precedence over the trial of Calsoncin's UIM claim; and (3) discovery into the extracontractual claims will allow both cases to be ready for trial

6

when Calsoncin's UIM claim is reached.[2]  We recognize the challenges that the pandemic has presented to the courts and to litigants.  However, even with those challenges, Judge Hagler did not have the discretion to allow Calsoncin to conduct discovery that was relevant only to claims that are not ripe and may never exist.  *See In re Berrenberg*, No. 08-20-00104-CV, 2020 WL 4218795, at *4–5 (Tex. App.— El Paso July 23, 2020, orig. proceeding) (holding that, although the trial court had discretion to quash a scheduled deposition based on concerns about the effect of the pandemic, the trial court did not have discretion to order that the party's deposition be taken in a different county without sufficient evidence of undue hardship or unnecessary expense); *see also In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam) (holding that a trial court abuses its discretion when it compels discovery of matters that are not relevant to the case). When a trial court orders discovery that is not relevant, the resisting party has no adequate remedy by appeal.  *In re Compton*, No. 11-20-00154-CV, 2020 WL 4519562, at *4 (Tex. App.—Eastland Aug. 6, 2020, orig. proceeding) (mem. op.) (citing *In re Islamorada Fish Co. Tex., L.L.C.*, 319 S.W.3d 908, 913 (Tex. App.— Dallas 2010, orig. proceeding)); *see also In re State Farm Mut. Auto. Ins. Co.*, No. 01-19-00821-CV, 2020 WL 1264184, at *7 (Tex. App.—Houston [1st Dist.] Mar. 17, 2020, orig. proceeding) (mem. op.) (holding that the insurer lacked adequate remedy by appeal because, if it was forced to engage in discovery on the extracontractual claims,  it would "lose its substantial right to avoid the time and expense of discovery for claims that are not ripe and may ultimately be rendered moot").

---

[2]In her response to the petition for writ of mandamus, Calsoncin argues that mandamus relief is not warranted because "[p]ublic policy is also served by achieving a proper balance between the unequal bargaining power enjoyed by carriers and consumer protection" and because "[s]imultaneous discovery on all claims in this case is warranted given the interwoven nature of the facts and issues in first-party cases." Judge Hagler, however, based his ruling solely on the delay in jury trials caused by the COVID-19 pandemic and the difficulty in obtaining a quick trial of Calsoncin's UIM claim.

We hold that Judge Hagler abused his discretion when he lifted the abatement and allowed litigation to proceed on Calsoncin's extracontractual claims and that Germania does not have an adequate remedy by appeal. Therefore, we conditionally grant Germania's petition for writ of mandamus. *See In re Progressive*, 2020 WL 3815927, at \*1 ("Mandamus relief is appropriate when a trial court abuses its discretion in denying a motion to sever and abate extra-contractual claims in an underinsured motorist case."); *In re Farmers*, 509 S.W.3d at 468. We direct the Honorable Brooks Hagler to vacate that portion of the July 14, 2020 order in which he lifted the abatement of litigation on Calsoncin's extracontractual claims. A writ of mandamus will issue only if Judge Hagler fails to act by October 6, 2020.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

September 25, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.